IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ELLEN J. O'PHELAN, | ) | CIVIL NO. 09-00236 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING FIRST |
| | ) | AMENDED COUNTERCLAIM AND |
| vs. | ) | FIRST AMENDED THIRD-PARTY |
| | ) | COMPLAINT |
| GERARD LEE LOY, BENTON BOLOS, | ) | |
| individually and as Police | ) | |
| detective, COUNTY OF HAWAII, | ) | |
| | ) | |
| Defendants. | ) | |
| —————————————————————— | ) | |
| | ) | |
| GERARD LEE LOY, | ) | |
| | ) | |
| Counterclaimant, | ) | |
| Third-Party | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ELLEN J. O'PHELAN and DAN J. | ) | |
| O'PHELAN, | ) | |
| | ) | |
| Counterclaim | ) | |
| Defendant, Third- | ) | |
| Party Defendant. | ) | |
| —————————————————————— | ) | |

ORDER DISMISSING FIRST AMENDED COUNTERCLAIM
AND FIRST AMENDED THIRD-PARTY COMPLAINT

I.       INTRODUCTION AND BACKGROUND.

This case represents an offshoot of a dispute that has

spread from state to federal court and now includes charges of

misconduct by two of the attorneys involved. In a pair of

underlying cases, Plaintiff and Counterclaim Defendant Ellen

O'Phelan and Third-Party Defendant Dan O'Phelan allege that, on

May 18, 2008, in Hilo, Marylou Askren and Jeff Meek drugged and

sexually assaulted Ms. O'Phelan.   See Def. Gerard Lee Loy's First Am. Countercl. & First Am. Third-Party Compl. ("FACC") ¶¶ 42, 45, Doc. 107.   Askren retained Gerard Lee Loy as her attorney in the state court proceedings.   FACC ¶ 50.

Ms. O'Phelan, represented by her husband, Mr. O'Phelan, who is an attorney, then filed the present lawsuit against Lee Loy and a County of Hawaii police detective, Benton Bolos. Doc. 1.   Ms. O'Phelan claims that, in the course of representing Askren, Lee Loy conspired with Bolos to improperly obtain confidential medical records relating to Ms. O'Phelan's alleged assault.   FACC ¶¶ 68-69, 81.

After significant motion practice, Lee Loy counterclaimed against Ms. O'Phelan and filed a third-party complaint against Mr. O'Phelan.   Doc. 42.   Lee Loy claims that the O'Phelans have falsely accused him of misconduct.   FACC ¶¶ 51, 62, 67-69, 78-81, 83.   Lee Loy asserts that the O'Phelans, having lost a motion to have Lee Loy disqualified from representing Askren in one of the underlying suits, plan to use this lawsuit to accomplish the same purpose.   FACC ¶¶ 70, 86, 92-96.   He alleges that Dan O'Phelan, prior to filing this lawsuit, falsely told "others" that Bolos had given Lee Loy the medical records.   FACC ¶ 67.   Complaining that the O'Phelans' court filings regarding the alleged misconduct are false, Lee Loy

alleges that the O'Phelans have filed a police report regarding their claim of misconduct.  FACC ¶¶ 69, 80.

Finally, Lee Loy alleges generally that the O'Phelans have "consistently and persistently sought to prevent me from discovering" Ms. O'Phelan's medical records.  FACC ¶ 63.  Based on the allegations above, Lee Loy asserts claims of intentional infliction of emotional distress ("IIED") and abuse of process.  FACC ¶¶ 85-99.

For the reasons set forth below, the court dismisses the First Amended Counterclaim and First Amended Third-Party Complaint.

II.     PROCEDURAL HISTORY.

Ms. O'Phelan filed the present lawsuit on May 26, 2009, against Lee Loy, Benton Bolos, and the County of Hawaii.  Doc. 1.  Lee Loy filed his answer to an Amended Complaint, along with a Counterclaim against Ms. O'Phelan and a Third-Party Complaint against Dan O'Phelan, on February 9, 2010.  Doc. 42.  The O'Phelans moved to dismiss Lee Loy's claims on March 26, 2010, and Judge Samuel P. King granted their motion on July 1, 2010.  Docs. 62, 102.  Although a scheduling order set June 25, 2010, as the deadline for filing motions to amend the pleadings, Judge King gave Lee Loy an additional 30 days to amend his Counterclaim.  Docs. 69, 102.

On July 8, 2010, the case was reassigned to the present judge.  Lee Loy then filed a First Amended Counterclaim and First Amended Third-Party Complaint on July 31, 2010.  Doc. 107.  The O'Phelans again move to dismiss.  Doc. 108.

III.     STANDARD.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal when a claimant fails "to state a claim upon which relief can be granted."  Under Rule 12(b)(6), a court's review is generally restricted to considering the contents of the complaint.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  Except in certain limited circumstances, if matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

On a Rule 12(b)(6) motion, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  Sprewell, 266 F.3d at 988.  Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal

4

theory, or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

        To survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (internal citations omitted).  The complaint must "state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

IV.      ANALYSIS.[1]

     A.   IIED.

          Lee Loy fails to state a claim for IIED.  To prove this tort under Hawaii law, a plaintiff must show: "1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was outrageous, and 3) that the act caused 4) extreme emotional distress to another." Hac v. Univ. of Haw., 102 Haw. 92, 106-07, 73 P.3d 46, 60-61 (2003).  "Outrageous" conduct is that "exceeding all bounds usually tolerated by decent society and which is of a nature especially calculated to cause, and does cause, mental distress of a very serious kind." Id., 102 Haw. at 106, 73 P.3d at 60.  By contrast, "[t]he liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Restatement (Second) of Torts § 46, cmt. d (1965).  It is for the court to decide, in the first instance, whether the alleged actions may be considered unreasonable or outrageous.  Young v. Allstate Ins. Co., 119 Haw. 403, 429, 198 P.3d 666, 692 (2008).

_____

     [1]The O'Phelans submitted six exhibits and a declaration along with their motion to dismiss.  Determining that Lee Loy's Counterclaim and Third-Party Complaint fail to state a claim, the court sees no need to convert this motion into one for summary judgment and to consider these attachments.  See Keams, 110 F.3d at 46.

The FACC, although lengthy, fails to allege conduct that could be considered "outrageous" under the standard set forth above.  The gravamen of the claim is that the O'Phelans--through statements to unnamed "others," court filings, and a complaint to the County of Hawaii Police Department--falsely accused Lee Loy of improperly accessing Ms. O'Phelan's medical records.  <u>See</u> FACC ¶¶ 62, 67-69, 78-83.  Lee Loy also alleges that the O'Phelans sought to impede discovery of Ms. O'Phelan's medical records.  FACC ¶ 63.

To the extent the complained-of behavior consists of obstructionist tactics during discovery in the underlying suit, Lee Loy may seek a remedy in that separate action.  As to the allegedly unfounded allegations of wrongdoing, the court does not doubt that Lee Loy would find the accusations described above to be insulting and annoying.  But this is not enough.  <u>Cf.</u> Restatement (Second) of Torts § 46, cmt. d (1965) (no liability for "mere insults" or "annoyances").  Lee Loy holds himself out as an experienced attorney, citing a background as both a deputy prosecutor and deputy public defender.  FACC ¶ 51.  Society may reasonably expect lawyers to have thick skins in dealing with opposing parties and their counsel.

Even if the behavior described in the FACC is objectionable, the court cannot say that it rises to the outrageous level necessary to support an IIED claim.  In short,

it is not plausible that "average members of our community" (or even the average lawyer in Hawaii), upon reading the FACC, "might indeed exclaim, 'Outrageous!'" <u>Young</u>, 119 Haw. at 429-30, 198 P.3d at 692-93.

      B.   <u>Abuse of Process.</u>

      Lee Loy also fails to state a claim for abuse of process.  Under Hawaii law, to constitute an abuse of process, there must be "1) an ulterior purpose and 2) a wil[l]ful act in the use of the process which is not proper in the regular conduct of the proceeding."  <u>Id.</u>, 119 Haw. at 412, 198 P.3d at 675 (internal quotation marks omitted); Restatement (Second) of Torts § 682 (1977) ("One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process.").  Hawaii defines legal "process" as "encompass[ing] the entire range of procedures incident to litigation."  <u>Young</u>, 119 Haw. at 412, 198 P.3d at 675 (internal quotation marks omitted).  At the hearing, Lee Loy identified the initiation of the lawsuit by issuance of the summons and complaint as the legal "process" that was allegedly abused by the O'Phelans.  He alleges that the O'Phelans filed the instant lawsuit with the ulterior purpose of seeking "to disqualify Lee Loy from representing Marylou Askren."  FACC ¶ 92.

Lee Loy's claim is nevertheless deficient because he has failed to allege a willful act by the O'Phelans that would constitute the abuse of process.  "[I]n order to establish an abuse of process claim, the plaintiff must prove a 'willful act' distinct from the use of process per se."  Id., 119 Haw. at 416, 198 P.3d at 679; see, e.g., id., 119 Haw. at 414-16, 198 P.3d at 677-79 (affirming dismissal of abuse of process claim when the plaintiff alleged no wrongful "willful acts" outside of the legal processes incident to participating in litigation).  Here, the FACC is devoid of any allegation that the O'Phelans have actually used the lawsuit to seek to have Lee Loy disqualified, or to any other improper end.  See FACC ¶ 97 (alleged "willful act" consists of "the use of process in this case").

At the hearing, Lee Loy emphasized that the allegations against him are unfounded.  Even if this is so, without any allegation that the litigation itself has been used for an improper purpose, Lee Loy cannot maintain a claim for abuse of process.  See Young, 119 Haw. at 415, 198 P.3d at 679; see also W. Prosser & W.P. Keeton, The Law of Torts 897 (W. Page Keeton et al. eds., 5th ed. 1984) ("[T]he gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish.").

Because the court determines that the FACC fails to allege facts supporting Lee Loy's IIED and abuse of process claims, it need not address the O'Phelans' alternative arguments regarding the litigation privilege and res judicata.

V.       CONCLUSION.

The court grants the O'Phelans' motion to dismiss.  As the deadline for filing motions to amend the pleadings has passed, Lee Loy may not file an amended pleading unless he first obtains an order from the Magistrate Judge extending that deadline.  This court expresses no opinion as to whether such an extension should be granted.  The court will consider the O'Phelans' request for attorney's fees when it adjudicates their motion for sanctions.  See Mot. for Rule 11 Sanctions, Sept. 17, 2010, Doc. 176.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 22, 2010.



　　　　 /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

O'Phelan v. Lee Loy; Civil No. 09-00236 SOM/KSC; ORDER DISMISSING FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT