```
               IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

ELLEN J. O'PHELAN,              )    CIVIL NO. 09-00236 SOM/KSC
                                )
         Plaintiff,             )    ORDER DENYING MOTIONS FOR
                                )    SANCTIONS (ECF NOS. 176, 205)
    vs.                         )
                                )
GERARD LEE LOY, BENTON BOLOS,   )
individually and as Police      )
detective, COUNTY OF HAWAII,    )
                                )
         Defendants.            )
_____ )
```

ORDER DENYING MOTIONS FOR SANCTIONS (ECF NOS. 176, 205)

I.      INTRODUCTION.

Before the court are two motions for sanctions filed by Plaintiff Ellen O'Phelan. The first motion, filed pursuant to Federal Rule of Civil Procedure 11, asks the court to sanction Defendant Gerard Lee Loy for filing his original and First Amended Counterclaim and Third Party Complaint against O'Phelan and her husband, Dan O'Phelan. The second motion asks the court to sanction Lee Loy for faxing O'Phelan's medical records to a hotel in Alaska without O'Phelan's permission. The court denies the motions, for the reasons below.

II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY.

In a pair of underlying cases filed in state court, O'Phelan sues Marylou Askren and Jeff Meek for having allegedly drugged and sexually assaulted O'Phelan on May 18, 2008. See First Amended Compl. ("FAC") ¶¶ 1-20, ECF No. 26. Askren retained Lee Loy as her attorney in the state court proceedings.

FAC ¶ 22. O'Phelan then filed a third action, which is the one before this court. The present lawsuit is against Lee Loy and a County of Hawaii police detective, Benton Bolos. ECF No. 1. O'Phelan claims that, in the course of representing Askren, Lee Loy conspired with Bolos to improperly obtain confidential medical records relating to O'Phelan's alleged assault. FAC ¶ 23.

On March 31, 2010, Lee Loy moved this court for permission to use, in connection with his defense, O'Phelan's medical records related to the incident. See Def. Gerard Lee Loy's Mot. for Order Allowing Police & Hilo Medical Ctr. Records Involving Ellen O'Phelan Incl. Photographs of Ellen O'Phelan for Use in This Case ("Motion to Allow Filing of Medical Records"), ECF No. 65. Magistrate Judge Kevin Chang granted the motion on April 8, 2010. See Order Granting Def. Gerard Lee Loy's Mot. for Order Allowing Police & Hilo Med. Ctr. Records Involving Ellen O'Phelan Including Photographs of Ellen O'Phelan for Use in This Case ("Order Allowing Filing of Medical Records"), ECF No. 70.

On February 9, 2010, Lee Loy counterclaimed against O'Phelan and filed a third-party complaint against O'Phelan's husband (and her attorney), Dan O'Phelan. ECF No. 42. Judge Samuel P. King dismissed the counterclaim and third-party complaint, without prejudice, on July 1, 2010. ECF No. 102. Thereafter, this case was reassigned to the present judge. ECF

No. 103.  On July 31, 2010, Lee Loy filed his First Amended Counterclaim and Third-Party Complaint ("FACC"), asserting claims of intentional infliction of emotional distress ("IIED") and abuse of process.  ECF No. 107.  Lee Loy claimed that the O'Phelans falsely accused him of misconduct to achieve their ulterior purpose of having Lee Loy disqualified from representing Askren in one of the underlying suits.  Order Dismissing FACC 2-3, ECF No. 193.

The court dismissed the FACC on September 22, 2010. Id.  The court determined that Lee Loy had failed to allege actions that could be considered sufficiently unreasonable or outrageous to support a claim for IIED.  Id. at 6-8.  The court also determined that Lee Loy had failed to allege a willful act by the O'Phelans that constituted the improper use of process. Id. at 8-10.

O'Phelan served her Rule 11 sanctions motions on Lee Loy on August 24, 2010, and filed it on September 17, 2010.  See Motion for Rule 11 Sanctions ("9/17/10 Sanctions Mot.") 1, ECF No. 176.  That motion seeks sanctions associated with Lee Loy's filing of the original and First Amended Counterclaim and Third-Party Complaint, and sanctions for Lee Loy's requests to use O'Phelan's medical records in this action.

According to O'Phelan, on October 3, 2010, Lee Loy faxed 45 pages of O'Phelan's medical records to her and Dan

O'Phelan at a hotel in Alaska, without obtaining O'Phelan's permission to disclose the records to hotel personnel who received the fax. See Motion to Sanction Mr. Lee Loy & Hold Him in Contempt of Court (10/11/10 Sanctions Mot.) 1, ECF No. 205. According to Lee Loy, Dan O'Phelan authorized Lee Loy to fax the records to him at that location to facilitate a deposition of O'Phelan that Lee Loy was conducting that day by telephone. See Def. Lee Loy's Obj. to Pl.'s Mot. for Sanctions ("Opp. to 10/11/10 Sanctions Mot.") 9-10, ECF No. 250. O'Phelan and Dan O'Phelan were physically at the hotel. See id. On October 11, 2010, O'Phelan moved for sanctions in connection with that fax. See 10/11/10 Sanctions Mot. In addition to sanctions, O'Phelan asks the court to grant an extension of time for her to file a motion to amend her complaint to add a cause of action based on the faxing of the medical records. Id. at 7.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

III.    LEGAL STANDARDS.

    A.    Federal Rule of Civil Procedure 11.

Rule 11(b) of the Federal Rules of Civil Procedure requires that any party filing material with the court must "certif[y] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

4

>   (2) the claims, defenses, and other legal
>   contentions are warranted by existing law or
>   by a nonfrivolous argument for extending,
>   modifying, or reversing existing law or for
>   establishing new law; [and]
>
>   (3) the factual contentions have evidentiary
>   support or, if specifically so identified,
>   will likely have evidentiary support after a
>   reasonable opportunity for further
>   investigation or discovery . . . .

Fed. R. Civ. P. 11(b).  If the court determines that Rule 11(b) has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c).

The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts.  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).  The court may impose Rule 11 sanctions if, inter alia, a paper filed with the court is frivolous.  Fed. R. Civ. P. 11(b)(2), (c); G.C. & K.B. Inv., Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003).  A frivolous filing is one that is "both baseless and made without a reasonable and competent inquiry."  Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990).  The court applies an objective standard in assessing allegedly frivolous filings.  G.C. & K.B. Inv., Inc., 326 F.3d at 1109, citing Townsend, 929 F.2d at 1362.  The conduct of the signing party is "one of objective reasonableness under

the circumstances." Hudson v. Moore Bus. Forms, Inc., 836 F.2d 1156, 1159 (9th Cir. 1987).

Rule 11 is inapplicable to discovery. Fed. R. Civ. P. 11(d). Rule 11 sanctions are only available with regard to papers filed with the court and do not apply to allegations of general attorney misconduct. See Trulis v. Barton, 67 F.3d 779, 789 (9th Cir. 1995) (declining to apply Rule 11 to allegation of attempted bribery by attorney). Rule 11 requires a 21-day safe harbor period, during which time the opposing party is permitted to withdraw the offending filing without being subject to sanctions. Fed. R. Civ. P. 11(c)(2).

  B.  Federal Rule of Civil Procedure 37(b).

Rule 37(b) of the Federal Rules of Civil Procedure authorizes a district court to impose a wide range of sanctions if a party fails to comply with a discovery order, including a protective order. United States v. Nat'l Med. Enters., Inc., 792 F.2d 906, 910 (9th Cir. 1986). A district court has broad discretion in deciding whether to impose sanctions pursuant to Rule 37. Lew v. Kona Hosp., 754 F.2d 1420, 1425-26 (9th Cir. 1985).

IV.  ANALYSIS.

  A.  Lee Loy's Motion to Use O'Phelan's Medical Records.

O'Phelan argues that Lee Loy should be sanctioned for his March 31, 2010, motion, which sought permission to use

O'Phelan's medical records. See 9/17/10 Sanctions Mot. at 5-13. According to O'Phelan, Lee Loy acted in bad faith because those records were not truly necessary to Lee Loy's defense, and Lee Loy only sought to use them because doing so would serve to intimidate and harass O'Phelan. See id. at 5. O'Phelan also asserts that Lee Loy's motion misrepresented the contents of the medical records. See, e.g., id. at 11.

O'Phelan's Rule 11 motion is procedurally defective as to Lee Loy's motion regarding the medical records because O'Phelan did not provide Lee Loy the required safe harbor period prior to filing the motion. See Fed. R. Civ. P. 11(c)(2); Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 826 (9th Cir. 2009) (upholding summary dismissal of Rule 11 sanctions motion where party seeking sanctions failed to provide 21-days notice). Lee Loy filed his motion to use the medical records on March 31, 2010, and Magistrate Judge Chang granted the motion on April 8, 2010. See ECF Nos. 65, 70. O'Phelan did not make her Rule 11 intentions known to Lee Loy until August 24, 2010, more than four months later. See 9/17/10 Sanctions Mot. at 1. Lee Loy had no opportunity to withdraw his motion at that point, which, in any event, was granted. Because O'Phelan gave Lee Loy no opportunity to withdraw the filing, she did not comply with Rule 11's requirement of a safe harbor. Cf. Barber v. Miller, 146 F.3d 707, 710-11 (9th Cir. 1998) (award of sanctions for

frivolous complaint, where defendant served its notice of intent to seek sanctions after the complaint was dismissed, violated safe-harbor requirement because plaintiff had no opportunity to respond to the motion by withdrawing the claim). O'Phelan is not entitled to sanctions.

    B.   Filing of Counterclaims and Third-Party Complaints.

   O'Phelan argues that Lee Loy's original and First Amended Counterclaim and Third-Party Complaint were frivolous and therefore sanctionable. See 9/17/10 Sanctions Mot. at 4. With respect to the original Counterclaim and Third-Party Complaint, ECF No. 42, dismissed on July 1, 2010, O'Phelan may not seek sanctions because she failed to provide the requisite safe-harbor period to Lee Loy. See Fed. R. Civ. P. 11(c)(2); see also Part III.A., supra.

   With respect to the FACC, the court declines to award sanctions. Although Lee Loy's IIED and abuse of process claims lacked merit, they were not so frivolous as to violate Rule 11. IIED is a particularly fact-dependent cause of action. The court based its dismissal not on application of the litigation privilege, as O'Phelan had urged, but on the court's reasoned judgment as to whether O'Phelan's alleged misbehavior could constitute "outrageous" conduct sufficient to state a claim for IIED. As for the abuse of process claim, the court determined that Lee Loy failed to allege a willful act by the O'Phelans that

8

constituted the improper use of process.  FACC Dismissal Order at 9.  However, O'Phelan fails to persuade the court that the claim was both baseless and made without a reasonable and competent inquiry.

        C.      <u>Faxing Medical Records to Alaska Hotel.</u>

Nor are sanctions warranted for the alleged improper faxing of O'Phelan's medical records.  O'Phelan seeks sanctions under Rules 7(b)(1), 11, and 37(b)(2)(vii) of the Federal Rules of Civil Procedure, as well as Local Rules 7.1, 7.2, and 11.1, for the allegedly impermissible fax.  <u>See</u> 10/11/10 Sanctions Mot. at 1; 6.  O'Phelan has provided no basis for the court to sanction Lee Loy under Rule 37(b) for this incident.  Although Rule 37(b) gives the court discretion to sanction a party for violation of discovery orders, neither of the orders cited in O'Phelan's motion bars Lee Loy from disclosing O'Phelan's medical records.  <u>See</u> Fed. R. Civ. P. 37(b); 10/11/10 Sanctions Mot. at 4-5 (arguing that Lee Loy violated court orders filed at docket entries 70 and 191).  The order allowing Lee Loy to use O'Phelan's medical records in support of his defense governs only the filing of such documents, not their use during discovery. <u>See</u> Order Allowing Filing of Medical Records at 2-3 (holding that Lee Loy may file, under seal, O'Phelan's medical records where such records are relevant and necessary to Lee Loy's case), ECF No. 70.  And, as O'Phelan acknowledges, the protective order

prohibiting disclosure of medical records applies only to the county defendants in the case, not Lee Loy.  See Stipulated Qualified Protective Order Regarding Pl.'s Health Information 4, ECF No. 191.

The court notes that O'Phelan's October 26, 2010, supplemental filing makes reference to a different protective order, filed as docket entry number 192, to which Lee Loy is a party.  See Notice of Filing Supplement to Pl.'s Doc. 205 at 1, 3, Oct. 26, 2010, ECF No. 230; see also Stipulated Qualified Protective Order Regarding Mat'l Produced Pursuant to Def. Gerard Lee Loy, Attorney at Law's Jointer in Pl.'s Requests for Production of Docs. & Answer to Interrogatories, Sept. 22, 2010, ECF No. 192.  However, O'Phelan fails to explain whether the faxed medical records fall within the purview of this protective order or whether a fax, sent during a deposition, would violate the order.  Under these circumstances, the court will not issue sanctions.

Nor do the other cited rules support a sanctions award.  Federal Rule of Civil Procedure 7(b)(1) does not authorize sanctions but merely requires that requests for court orders be made by motion.   See also Local Rule 7.1-7.2 (governing motion format and the setting of hearings for motions).  Rule 11 sanctions are only available with regard to papers filed with the court, and do not apply to allegations of general attorney

misconduct, or to alleged misconduct in the discovery process. See Fed. R. Civ. P. 11(d) (rule does not apply to discovery); Trulis v. Barton, 67 F.3d 779, 789 (9th Cir. 1995) (declining to apply Rule 11 to allegation of attempted bribery by attorney). And Local Rule 11.1 is merely the general rule authorizing sanctions for violations of this district's local rules.

As an independent basis for denying sanctions, the court notes that O'Phelan did not meet and confer with Lee Loy regarding this motion. See Fed. R. Civ. P. 37(a)(1); Local Rule 37.1(a); 10/11/10 Sanctions Mot. at 1 (stating that the parties did not meet and confer prior to the filing of the motion). The court imposes this obligation on parties to encourage them to work through discovery disputes without necessitating the court's involvement in every issue that arises. The court will not act as a babysitter to parties who are unwilling to communicate and who instead rely on court filings to air each and every grievance.

The motions are DENIED. To the extent O'Phelan desires to amend her complaint and seeks to enlarge her time to do so, she must file a properly noticed motion, pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 10.3. Any such motion will be referred to Magistrate Judge Chang. While this court expresses no opinion on whether any such motion should be granted, this court urges the parties to consider the

advisability of expanding the present litigation, as the Magistrate Judge will likely take that into account.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 6, 2010.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

O'Phelan v. Lee Loy; Civil No. 09-00236 SOM/KSC; ORDER DENYING MOTIONS FOR SANCTIONS (ECF NOS. 176, 205).