IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ELLEN J. O'PHELAN, | ) | CIVIL NO. 09-00236 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO |
| | ) | RESCHEDULE DATE OF HEARING ON |
| vs. | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | AND TO EXTEND TIME TO FILE |
| GERARD LEE LOY, BENTON BOLOS, | ) | OPPOSITION |
| individually and as Police | ) | |
| detective, COUNTY OF HAWAII, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING MOTION TO RESCHEDULE DATE OF HEARING ON MOTION FOR SUMMARY JUDGMENT AND TO EXTEND TIME TO FILE OPPOSITION

Before the court is Plaintiff Ellen O'Phelan's motion to move the hearing date for Defendants Gerard Lee Loy, Benton Bolos, and the County of Hawaii's motions for summary judgment, as well as for additional time to oppose the summary judgment motions.[1]  The motion is denied.

Under Rule 56(d) of the Federal Rules of Civil Procedure,[2] the court may order a continuance, among other alternatives, "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to

---

[1] Currently, the next available hearing date is February 15, 2011, which is also the last day permitted for a hearing on a summary judgment motion, given the trial date of March 22, 2011. Local Rule 7.3; ECF No. 160.  The court will likely require time to rule, and that leaves little time for the parties to prepare for trial.  Final pretrial statements are due February 1 and the final pretrial conference is February 8.  See ECF No. 160.

[2] The provisions now found in subsection (d) of Rule 56 were set forth in subsection (f) prior to December 1, 2010.

justify its opposition." "A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City & Cnty. of S.F., 441 F.3d 1090, 1100 (9th Cir. 2006). "Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986); see also Tatum, 441 F.3d at 1100 (finding that an attorney declaration was insufficient to support a Rule 56(f) continuance where declaration failed to explain how a continuance would allow the party to produce evidence precluding summary judgment). "To prevail on a Rule 56(f) motion, the movant must also show diligence in previously pursuing discovery." See Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co., 2010 WL 3156064, at *15 (D. Haw. Aug. 6, 2010).

Ms. O'Phelan supports her request for continuance with a declaration from her attorney, Dan O'Phelan. See Declaration of Dan O'Phelan ("Dan O'Phelan Decl."), ECF No. 276-2. According to Mr. O'Phelan, the County agreed to subpoena certain phone records in Alaska, but the phone records have not been made available "because of delay on the part of County Defendants." Id. ¶ 5. Mr. O'Phelan states that the phone records he is waiting for "can confirm that calls were made from Mr. Bolos to

Dan and Ellen O'Phelan where he stated that he had disclosed the medical records and that he was going to." Id.  The declaration continues, "These phone calls and the letters to police and the phone call made by Mr. Lee Loy to Plaintiff that he was 'looking at [Plaintiff's] medical records' would be documented by the phone calls he made." Id.  Finally, Mr. O'Phelan states that the County agreed to produce police case files and records related to the parties, but have delayed the production. Id. ¶ 6.

The facts above do not justify ordering a continuance of the hearing.  It appears that Ms. O'Phelan is waiting on documentation of phone calls between herself and/or Mr. O'Phelan, on one end, and Defendants Bolos and/or Lee Loy, on the other.  Given that Mr. or Ms. O'Phelan participated in each of the calls referenced above, obtaining phone records that such calls occurred seems hardly necessary to preclude summary judgment, since their own testimony would provide evidence that the calls occurred.  See Tatum, 441 F.3d at 1100.

Moreover, the declaration does not establish due diligence on the part of Ms. O'Phelan in seeking the records. This case was filed on May 26, 2009.  ECF No. 1.  The parties have been able to conduct discovery since at least August 2009. See ECF No. 19 (Rule 16 scheduling conference held August 24, 2009), Fed. R. Civ. P. 26(d)(1), (f)(1).  This means the parties have had over seventeen months for discovery at this point.  The

declaration fails to explain why this time was inadequate to pursue the records described above.

Finally, the court will not grant a continuance based on Mr. O'Phelan's competing trial obligation, which is scheduled to begin on January 10, 2011. See Mot. at 2; Dan O'Phelan Decl. ¶¶ 1-3. Mr. O'Phelan need not appear in person for the summary judgment hearing, and, in the event the trial in which he is participating does not settle and has not been completed by January 25, the court expects Mr. O'Phelan will obtain permission from the trial judge to participate by phone in the summary judgment hearing.

For the reasons set forth above, Ms. O'Phelan's motion for a continuance of the hearing and for additional time to oppose the summary judgment motion is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 23, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

O'Phelan v. Lee Loy; Civil No. 09-00236 SOM/KSC; ORDER DENYING MOTION TO RESCHEDULE DATE OF HEARING ON MOTION FOR SUMMARY JUDGMENT AND TO EXTEND TIME TO FILE OPPOSITION

4